UNITED STATES DISTRICT COURT EASTERN DISTRICT OF
TENNESSEE IN CHATTANOOGA

| | | |
|---|---|---|
| JAMES ALLEN GREEN and wife VICTORIA GREEN | ) ) ) | |
| Plaintiffs, | ) ) | No: 1:09 CV 312 |
| Vs. | ) ) | |
| WITRON INTEGRATED LOGISTICS CORPORATION, TGW-ERMANCO, INC., TGW, INC, TGW LOGISTICS GROUP TGW TRANSPORTGERATE GmbH & Co., KG SIEMENS ENERGY & AUTOMATION, INC., and SIEMENS ENERGY, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

## AMENDED COMPLAINT

Come now the Plaintiff, Victoria Green, and for her amended cause of action would show unto this Honorable Court as follow:

### PARTIES

1. Plaintiff, Victoria Green is a resident of Bradley County, Tennessee and resides at 1296 Ladd Springs Road, Cleveland, Tennessee. Victoria Green is the surviving spouse of James Allen Green.

2. Defendant Witron Integrated Logistics Corporation (hereinafter "Witron") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 3721 N. Ventura Drive, #140, Arlington Heights, Illinois 60004, USA. Defendant may be served with process upon its registered agent, CT Corporation Systems, 800 S Gay Street, Suite 2021, Knoxville, Tennessee 37929, USA.

3. Defendant TGW-Ermanco, Inc., TGW, Inc. and TGW Logistics Group ( collectively hereinafter "TGW") are corporations. TGW-Ermanco, Inc. organized and existing under the laws of the State of Michigan with its principal place of business at 6870 Grand Haven Road, Spring Lake, Michigan 49456. Defendant TGW-Ermanco, Inc. may be served with process by service upon its registered agent, Thomas Bergy, at said address. Defendant TGW, Inc. is a corporation organized and existing under the laws of the State of Maryland with its principal place of business is 5330 Spectrum Drive, Frederick, Maryland 21703 and may be served with process by service upon its registered agent, Peter Schoen, 3 Shifflett Place, Smithsburg, Maryland 21783. Defendant TGW Logistics Group is a foreign corporation with its principal place of business located in Wels, Austria and be served at is principal place of business at Collmanstrasse 2, A-4600 Wels, Austria. Defendant TGW Transportgerate GmbH & Co. KG is a foreign corporation with its principal place of business located at A 4600 Wels, Collmannstrasse 2, A-4602Wels, Postfach 317, Austria.

4. Defendant Siemens Energy & Automation, Inc. and Siemens Energy, Inc. (hereinafter collectively "Siemens") is a corporation organized and existing under the laws of the State of Delaware. Defendant Siemens Energy, Inc. may be served with process by service upon its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York, 10011. Defendant Siemens Energy & Automation, Inc. may be served with process by service upon its registered agent, CT Corporation System 111 Eighth Avenue, New York, New York 10011.

## JURISDICTION AND VENUE

5. Plaintiffs' claim arise from events that occurred in Bradley County, Tennessee on or about November 11, 2008.

6. At the time of the occurrence which is the basis for this lawsuit and for some time prior to that time, defendants Witron, TGW and Siemens solicited for sale, provided product supervision and training

and/or sold their products including stratus automatic tote storage and retrieval conveyor/crane system with a combin-telescope (hereinafter "conveyor/robotic crane system") as will be more fully described hereinafter, in Bradley County, Tennessee, and has derived substantial revenues from the sales, training, installation and/or supervision of such products.

7. This Court has personal jurisdiction over the defendants pursuant to, and consistent with, Tennessee's long-arm statute (T.C.A. §20-2-201) and the Constitutional requirements of Due Process in that defendants, acting through its agent or apparent agents, committed one or more of the following:

    a. Defendants transacted business in the State of Tennessee;

    b. Defendants made or performed a contract or promise substantially connected within this state; and

    c. Requiring defendants to litigate this claim in Tennessee does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

8. Defendants marketed, promoted, and sold the product concerned in this litigation throughout the United States, including Bradley County, Tennessee; accordingly, venue is proper under *T.C.A. 20-4-101.*

## BACKGROUND

9. At all times pertinent hereto plaintiff was an employee of Peyton's Southeastern, A Division of Kroger Company Limited Partnership I (hereinafter "Peyton's"), a domestic corporation, domiciled in the State of Tennessee.

10. At all times pertinent thereto, Peyton's maintained a distribution operation center located in Bradley County, Tennessee.

11. Plaintiff has been employed by Peyton's for over twenty-seven (27) years and has worked in the maintenance department for the past thirteen (13) years. Plaintiff's duties include but are not limited to

making repairs to the conveyor/robotic crane system manufactured and sold by the defendants which is the subject of this lawsuit.

12. Defendants Witron, TGW and Siemens are and have been, engaged in the business of designing, constructing, manufacturing, testing, advertising, marketing, promoting, selling and distributing order picking machinery systems ("OPM") specifically to meet the material handling demands of retail distribution, to ultimate consumers and users and did in fact design, construct, manufacture, test, advertise, market, promote, sell and distribute the conveyor/robotic crane system described herein.

13. Defendants order picking machinery system ("OPM") automates the material handling process in Peyton's distribution warehouse. Defendant Witron designed, manufactured, advertised, sold and distributed the pack-pattern software which determines the stacking sequence for the totes or cases which are transported on Peyton's conveyor system to shipping. Defendant Witron was responsible for training plaintiff and other Peyton employees as to the operation of the conveyor/robotic crane system.

14. Defendant Siemens manufactures, sells and advertises integrated hardware and software technology which is utilized in the conveyor/robotic crane system and further Siemens is responsible for training plaintiff and other employees of Peyton's as to how to utilize and operate the conveyor/robotic crane system.

15. Defendant TGW together with Witron and Siemens manufactured, advertised and sold the stratus tote conveyor system with combination telescopic forks to Peyton's. The system included the robotic stacker cranes which are automatic storage and retrieval cranes designed to retrieve inventory from racks within Peyton's warehouse.

16. Prior to November 11, 2008, defendants manufactured a product designated a stratus tote conveyor system with a combination telescopic forks which included a conveyor/robotic crane system which

was placed into the stream of commerce for purchase by consumers and users.

## STATEMENT OF CLAIMS

17. On or about November 11, 2008, James Allen Green while in the course and scope of his employment was required to enter the material handling system zone as a result of the conveyor/robotic crane system overheating. Plaintiff was attempting to ascertain the problem when suddenly and without warning the robotic crane activated and traversed the isle crushing plaintiff Green against the rack system causing significant personal injury.

18. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willful and wantonness of defendants, by and through the action of its agents, servants and/or employees, and as a direct and proximate result of the acts and omissions of the defendants as set forth herein below plaintiff James Allen Green suffered severe, painful, permanent and disabling injuries, including but not limited to, multiple injuries to his chest, shoulders, back and internal organs. Plaintiff also developed a depressive order, as well as other injuries to his body.

19. Plaintiff was caused to become disabled, lost income and his capacity and ability to earn a living and enjoy the normal everyday pleasures and associations of life have been and will remain permanently damaged, restricted and impaired.

20. Plaintiff incurred past medical expenses and future medical expenses are reasonably certain to occur. Plaintiff's medical expenses total over Eight Hundred Five Thousand ($805,000) Dollars. Plaintiff reserves the right to amend the complaint and attach the medical bills pursuant to T.C.A. §34-5-113.

21. Plaintiff Victoria Green as a result of the injuries to her husband, James Allen Green, has been deprived of his service, society and consortium and she has been thusly damaged.

22. After the Plaintiffs filed the original Complaint in this cause, the Plaintiff James Allen Green continued to suffer pain, discomfort and loss of enjoyment of life. On the 10th day of May, 2012, the Plaintiff James Allen Green died as a result of the injuries caused by the negligence of the Defendants. Plaintiff Victoria Green is the surviving spouse of James Allen Green and in such capacity is entitled to recover for the wrongful death of her husband James Allen Green and all damages attendant thereto. These losses include, but are not limited to, the loss of James Allen Green's love, affection, and companionship to his wife and his children, loss of the economic value of his life, the social andemotional value of his life, and his death expenses.

23. Plaintiff alleged that the conveyor/robotic crane system which injured plaintiff was designed, manufactured, assembled and placed into the stream of commerce by the defendants.

24. For the reasons set forth herein the conveyor/robotic crane system was defective in design, construction, manufacturing and labeling and was unsafe, inadequate and unfit for the purpose for which it was designed, constructed, manufactured, tested, advertised, marketed, promoted, sold and distributed.

25. The defective condition of the conveyor/robotic crane system existed at the time the products were still under the control, supervision and possession of defendants and the defective conveyor was delivered subsequently to Peyton's without a substantial change in its condition and the condition of the conveyor remained unchanged at the time of plaintiff Green's injuries.

26. The defective and unreasonably dangerous condition of the conveyor/robotic crane system was not open, obvious or ascertainable to

6
Case 1:09-cv-00312   Document 71   Filed 11/13/12   Page 6 of 11   PageID #: 412

plaintiff Green, but such defective and unreasonably dangerous condition was known or should have been known to the defendants.

27. On the date of this accident the conveyor/robotic crane system was defective and unreasonably dangerous when used in the ordinary, intended foreseeable manner by a foreseeable user. The conveyor/robotic crane system was improperly manufactured, defectively designed and unfit for the use for which the system was designed, constructed, manufactured, tested, advertised, marketed, promoted, sold and distributed by defendants.

28. Defendants designed, constructed, manufactured, tested, advertised, marketed, promoted, sold and distributed the conveyor/robotic crane system in a defective condition which was unreasonably dangerous in one or more of the following particulars:

 a) By failing to design, construct, manufacture, test, advertise, market, promote, sell and distribute the conveyor/robotic crane system with an audible warning security system that provides adequate notice to all personnel within the material handling system zone that the robotic crane had been activated;

 b) By failing to warn the user of the potential hazards for serious injuries associated with the conveyor/robotic crane system;

 c) By failing to properly inspect the conveyor/robotic crane system before the placing the product in the stream of commerce for sale to users;

 d) By failing to appropriately train the users of the conveyor/robotic crane system of the hazards of serious injury from the robotic crane;

 e) By failing to install an on/off switch on the individual cranes which would have allowed personnel from unintentionally starting up the crane while they are in the material handling system zone;

 f) By failing to adequately design, manufacture, install, advertise and distribute an appropriate lock out tag out device which

would prevent the robotic crane from activating while personnel were within the material handling system zone;

  g) By failing to adequately train or provide appropriate procedures to utilize the lock out tag out device;

  h) By failing to provide an appropriate mechanism or system by which personnel could lock out the control panel which powers the crane and prevents the reactivation of the crane while personnel were in the material handling system zone;

  i) By failing to provide personalized individual keys to the lock out tag out device so as to prevent the unintentional reactivation of the robotic crane while personnel were in the material handling system zone;

  j) By failing to design, manufacture, advertise and sell a control panel which would prevent personnel from inadvertently starting up the wrong robotic crane;

  k) In failing to properly conduct safety maintenance and operational instruction, in violation of established safety procedures for operation of the robotic crane;

  l) In improperly conducting, training and/or supervising of Peyton's personnel with respect to performing maintenance on the robotic crane within the material handling system zone;

  m) By failing to properly train its supervisors, instructors and/or trainers, to follow proper entrance and exit procedures within the material handling system zone.

  29. Plaintiff avers that defendants acts or omissions as set forth herein and particularly herein above in paragraph 27(a) through (m) constitute negligence, carelessness, gross negligence, recklessness, willfulness and wantonness which proximately caused plaintiff's injuries and damages as set forth in paragraph 18 through 21.

  30. At the time of the manufacture and sell of the conveyor/robotic crane system it was in a defective condition under the Tennessee Products Liability Statute, rendering it unsafe for normal use.

It was negligently designed, manufactured and assembled by the defendants in that the conveyor/robotic crane system subjected plaintiff to an unreasonable risk of injuries as set forth in paragraph 18 above.

31. Plaintiffs allege that the conveyor/robotic crane system was in an unreasonably dangerous condition as a result of being negligently designed, tested, manufactured and sold under the Tennessee Product Liability Statute.

32. Plaintiffs allege that the defendants in the design, manufacture and sell of the conveyor/robotic crane system, negligently tested or failed to adequately test the conveyor/robotic crane system or a substantially similar conveyor/robotic crane system and/or failed to exercise reasonable care in the testing of said conveyor/robotic crane system, and as a result, failed to incorporate adequate safety devices to make the conveyor/robotic crane system reasonably safe for its intended use.

33. Plaintiffs allege that the defendants in the design, manufacture and sell of the conveyor/robotic crane system, negligently failed to adequately warn users thereof of its defective condition.

34. Plaintiffs further allege that the defendants, in the design, manufacture and sell of the conveyor/robotic crane system, breached the warranties, both express and implied as stated in Tennessee Code Annotated §§47-2-313, 47-2-314, and 47-2-315 including a warranty of fitness for a particular purpose.

35. As a direct and proximate result of the negligent, gross negligent, reckless, willful and wanton conduct of the defendants, by and through the aforementioned acts of its agents, servants, and/or employees, plaintiffs suffered the injuries and damages previously alleged paragraphs 18 through 22 above.

36. The incident was proximately caused by the negligence of the defendants and/or the sale of its product and/or the defective, unreasonably and inherently dangerous condition of said product, and

by the sale and distribution of the defective and unreasonably dangerous product, therefore creating a cause of action under which the defendants are liable in strict tort liability and/or by breach of warranties of merchantability and/or fitness of said product, and/or by failure of the defendants to warn of any defect or dangerous condition.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, based upon the aforesaid individual counts and the Complaint as a whole, plaintiffs pray as follows:

(1) Plaintiff, Victoria Green, individually and as surviving spouse of James Allen Green, be awarded any and all sums reasonable and appropriate to compensate her for the injuries and damages suffered by her and James Allen Green during his lifetime and any and all sums reasonable and appropriate to compensate her and James Allen Green's children for his wrongful death in an amount not to exceed Ten Million Thousand Dollars ($10,000,000).

(2) The plaintiff be awarded all discretionary costs allowed by law, and specifically be awarded all pre-judgment and post-judgment interest allowed by law; and

(3) The plaintiff have such other and further relief as this Court deems just and proper.

Plaintiff demands a jury to try the issues when joined.

Respectfully submitted,

LOGAN - THOMPSON, P.C.

By: <u>s/*James F. Logan, Jr.*        </u>
James F. Logan, Jr. (BPR#00758)
Robert S. Thompson (BPR#012832)
Attorney for Plaintiffs
30 Second Street NW
P. O. Box 191
Cleveland, TN 37364-0191
423-476-2251

**GILREATH & ASSOCIATES**
Sidney Gilreath, BPR #002000
Cary L. Bauer, BPR #019735
Attorneys for Plaintiffs
550 Main Ave., Suite 600
Knoxville, TN 37902
(865) 637-2442 / (865) 971-4116 FAX

CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of November, 2012, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

    LOGAN-THOMPSON, P.C.

    BY: s/ *Robert S. Thompson* or s/James F. Logan, Jr.
    James F. Logan, Jr., BPR#000758
    Robert S. Thompson, BPR #012832